THE CITY OF NEW YORK, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, November 15, 1916.

Intoxicating liquors — Liquor Tax Law, section 10 and section 12, subdivision 17, construed — interest on excise moneys — failure of special deputy commissioners to divide moneys between city and State within time specified.

Under section 10 and subdivision 17 of section 12 of the Liquor Tax Law, taxes, fines and penalties collected by and paid to the special deputy commissioners of excise in the city of New York are to be divided equally between the State and city, said commissioners having ten days in which to divide the money and pay one-half thereof to the State and the city. In the meantime, the statute provides that all such moneys shall be deposited in designated banks, and that all interest accruing on such "undivided excise moneys * * * and all interest accruing on the part thereof apportioned to the State shall belong to the State of New York."

The law regards that as done which ought to have been done and the deputy commissioners of excise by failing to divide the moneys until after the expiration of ten days in violation of the statute, cannot deprive the city of interest on the moneys deposited.

The most that the State can claim is interest on the full deposits for ten days after they were received by the deputy commissioners.

APPEAL by the claimant, The City of New York, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 14th day of February, 1916, disallowing its claim for $7,602.61 against the State of New York and awarding it judgment in the sum of $302.90 only.

*Lamar Hardy, Corporation Counsel* [*Terence Farley* and *Josiah Stover* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*James S. Y. Ivins, Deputy Attorney-General* of counsel], for the respondent.

COCHRANE, J.:

The city of New York makes a claim against the State of New York for interest received by the latter on excise moneys deposited, after collection during September and October, 1914, by the special deputy commissioners of excise of the city in

various city banks which excise moneys belong to the city but were not paid over to it by said special deputy commissioners within the statutory time.

Section 10 of the Liquor Tax Law (Consol. Laws, chap. 34; Laws of 1909, chap. 39)* is in part as follows: "The taxes assessed, and all fines and penalties incurred under this chapter in counties or boroughs having a special deputy commissioner of excise shall be collected by and paid to him. * * * One-half of the revenues resulting from taxes, fines and penalties under the provisions of this chapter less the amount allowed for collecting the same, shall be paid by the county treasurers, and by the several special deputy commissioners receiving the same within ten days from the receipt thereof, to the Treasurer of the State of New York to the credit of the general fund, as a part of the general tax revenue of the State and shall be appropriated to the payment of the current general expenses of the State, and the remaining one-half thereof, less the amount allowed for collecting the same, shall belong to the town or city in which the traffic was carried on from which revenues were received, and shall be paid by the county treasurer of such county, or by the special deputy commissioner to the supervisor of such town, or to the treasurer or fiscal officer of such city, within ten days from the receipt thereof. All excise moneys collected by county treasurers and special deputy commissioners of excise shall be deposited until the same shall be paid over to the State Treasurer or local fiscal officer as is herein provided, in bank or other depositories designated by the State Commissioner of Excise, * * *."

By subdivision 17 of section 12 of the Liquor Tax Law (as amd. by Laws of 1909, chaps. 240, 281) it is provided as follows: "Said special deputy commissioner or county treasurer must keep a separate and distinct account of all excise moneys received and paid over by him; and such moneys must be deposited without delay in a bank or other depository, and kept in a separate account, in the official name of such officer, entitled 'liquor tax moneys.' * * * All interest accruing on undivided excise moneys deposited by any

---

* Since amd. by Laws of 1916, chap. 416.— [REP.

county treasurer or special deputy commissioner of excise, and all interest accruing on the part thereof apportioned to the State shall belong to the State of New York, and shall be remitted by such county treasurer or special deputy commissioner to the State Treasurer. All interest moneys accruing on the part thereof belonging to the localities, until the same shall be actually withdrawn from the bank of deposit, upon the check of the county treasurer or special deputy commissioner, by the fiscal officer of the locality entitled thereto, shall belong to the county or city represented by such treasurer or special deputy commissioner, and shall be placed to the credit of the general fund thereof as often as once in each three months."

Under the foregoing statutory provisions the special deputy commissioners of excise for the various boroughs of New York city collected taxes, fines and penalties imposed under the provisions of said law upon the traffic of liquor in said city and deposited the same in various designated banks of the city as they were required to do. The banks paid interest on the deposits. The special deputy commissioners did not, however, within the statutory period of ten days, divide the moneys so deposited and pay one-half thereof to the State and the other half to the city as the statute requires. Such division and payment was made after the expiration of ten days from the time such moneys were received by the special deputy commissioners, and all interest accumulated thereon in the banks to the time of such payments was paid by the banks to the State. The city now claims all interest so received by the State on the one-half of the moneys belonging to the city from the time the money was first deposited in the bank and interest began to accrue thereon until such interest was paid to the State. This claim has been disallowed by the Court of Claims except as to a small amount where a division of the funds had actually been made.

The scheme of the statute is quite apparent. The taxes, fines and penalties are to be divided equally between the State and the city. They are to be collected by the special deputy commissioners of excise and paid to them. They have ten days in which to divide the same and pay one-half thereof each to the State and the city. In the meantime the statute provides that

all such moneys shall be deposited in designated banks and kept separately in a separate account in the official name of the officer receiving the same, entitled "liquor tax moneys." And the statute then specifically provides that all interest accruing on such "undivided excise moneys * * * and all interest accruing on the part thereof apportioned to the State shall belong to the State of New York." Until the division is made the State is entitled to interest on all the deposits. But such division must be made within ten days, and if the special deputy commissioners fail in this statutory duty they cannot thereby deprive the city of interest earned on moneys which legally and equitably belong to it. The city loses nothing and the State gains nothing by the failure of these officers to perform their plain duty. The most that the State can claim is interest on the full deposits for ten days after they were received by the deputy commissioners. The law regards that as done which ought to have been done. It was the duty of the special deputy commissioners to make payments within ten days, one-half each to the State and to the city. Had they done so the city would have received the interest on such payments. Failure to perform their statutory duty does not give the State a legal claim to the interest which the statute does not contemplate the State shall receive and which it would not have received except for the fact that the deputy commissioners failed in the performance of their duty.

The statute recognizes that one-half of these moneys belonged to the city from the time they were received by the special deputy commissioners. The language is: "The remaining one-half thereof, less the amount allowed for collecting the same, shall belong to the town or city in which the traffic was carried on from which revenues were received." And again: "All interest moneys accruing on the part thereof belonging to the localities, until the same shall be actually withdrawn from the bank of deposit, upon the check of the county treasurer or special deputy commissioner, by the fiscal officer of the locality entitled thereto, shall belong to the county or city represented by such treasurer or special deputy commissioner, and shall be placed to the credit of the general fund thereof as often as once in each three months." The intent of the Legislature can-

not well be misunderstood. It contemplates one-half the money as belonging to the city. All interest on such one-half goes to the city except as provided by the statute that until an actual payment thereof by the special deputy commissioners within ten days such interest by virtue of the statute goes to the State. But it was clearly the intent of the statute that after ten days from the time the money was received the State should not receive interest thereon except as to its own one-half portion thereof and any accumulation after that time on the portion belonging to the city should be paid to the city.

It follows that the city is entitled to recover from the State the amount of interest which the latter has received on the one-half of the moneys belonging to the city and which accrued after the expiration of ten days from the time such moneys were collected by the special deputy commissioners of excise.

The judgment should, therefore, be reversed and the matter remitted to the Court of Claims for further action.

All concurred.

Judgment reversed and matter remitted to the Court of Claims for further action.